# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200

Jeremy A. Tigan
(302) 351-9106
jtigan@mnat.com

October 16, 2018

The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  *Pharmacyclics LLC, et al. v. Fresenius Kabi USA, LLC, et al.*, C.A. 18-192-CFC (coord.)

Dear Judge Connolly:

Plaintiffs submit this response to Defendants' October 15, 2018 Letter regarding the proposed Protective Order (18-192, D.I. 45). For the reasons detailed below, Plaintiffs respectfully request that the Court deny Defendants' proposals to (1) largely prevent disclosure of any one Defendant's Confidential Information to outside counsel for another Defendant; and (2) allow Cipla's non-attorney IP personnel access to Plaintiffs' Confidential Information.

## I.  The Court should permit disclosure of Defendants' Confidential Information among outside counsel and Defendants' experts.

These four coordinated cases arise from seven companies filing Abbreviated New Drug Applications ("ANDAs") to market generic versions of Plaintiffs' IMBRUVICA® drug product. Because this action is effectively consolidated pre-trial—with a single schedule (including a consolidated *Markman* proceeding) and common discovery, 18-192, D.I. 32—Plaintiffs propose that the Protective Order allow for limited disclosure of each Defendant's Confidential Information to the other Defendants' outside counsel and independent experts. Ex. A ¶ 8. Defendants, by contrast, propose that Plaintiffs (and the Court) be prohibited from revealing the Confidential Information of one Defendant to ***any*** representative—including outside counsel—of any other Defendant, except in Court filings and Court Orders.

Defendants have not met their burden to show that the limited disclosure Plaintiffs have proposed should be prohibited.[1] ***First***, Defendants' argument that Plaintiffs' proposal allows for purportedly improper and prejudicial use of one Defendant's documents against another is a red herring. Whether a document is admissible for a given purpose is an evidentiary issue assessed through mechanisms like formal exhibit lists and objections in Court—not one that should be decided by a blanket rule in a Protective Order. No party has agreed that all of its documents will be admissible for all purposes simply by signing onto a Protective Order. And Defendants' proposal also seemingly allows for such use of Defendants' documents in filings, and in discovery as long as Plaintiffs prepare redacted copies of their submissions.

Moreover, Defendants wrongly assert that their Confidential Information is categorically "not relevant to the validity of Plaintiffs' patents." 18-192, D.I. 45 at 1. The Federal Circuit routinely endorses reliance on this type of information as objective indicia of non-obviousness, including to show failure of others, long-felt but unmet need, copying, commercial success, and

---

[1] *See* Fed. R. Civ. P. 26(c); *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("A party seeking a protective order carries the burden of showing good cause.").

industry praise.[2]

    ***Second***, Defendants fail to explain how sharing Confidential Information between *outside counsel and experts*, who are bound to follow the Protective Order, will lead to any concrete injury. Concern about inadvertent disclosure because Defendants are competitors cannot fairly support Defendants' argument, as this is a risk borne by *all* parties in this litigation. These same outside counsel represent companies seeking to compete directly with Plaintiffs in the market for IMBRUVICA, and will all be entrusted with Plaintiffs' Confidential Information, including highly sensitive technical materials relating to the IMBRUVICA's development and marketing. Indeed, despite contending that Defendants "face serious risks" under Plaintiffs' proposal, Defendants' own proposal would permit cross-disclosure through Court submissions and orders.[3]

    As this District has recently recognized, permitting cross-disclosure of Defendants' information will aid in the orderly administration and handling of the case.[4] Defendants' proposal would needlessly complicate joint conferences and court hearings; impede discovery; and hinder Plaintiffs' ability to communicate with the Court. As just one example, if the Court would like to understand the potential implications of a construction during the *Markman* hearing, and a term is relevant to a party's infringement positions, outside counsel for one or more of the parties would not be able to participate in that portion of the hearing. This would negatively impact the Court's ability to fully understand all parties' positions, and the excused parties' ability to participate.

    Defendants' proposal also imposes unnecessary administrative burden on Plaintiffs and the Court. While Defendants may refer to Defendants' and Plaintiffs' Confidential Information collectively in discovery or in Court, Plaintiffs have no ability to do the same unless they first consult with Defendants—forcing Plaintiffs to reveal their work product impressions—or create numerous redacted copies of, for example, discovery papers or expert reports. This unfairness is underscored by the fact that Defendants removed a proposed provision requiring that Defendants "consider in good faith limited cross disclosure" "on an as-needed basis." *Compare* Ex. B ¶ 18 (Defendants' Aug. 21, 2018 Proposed Protective Order), *with* 18-192, D.I. 45, Ex. A ¶¶ 19–20. Under Defendants' proposal, counsel will also undoubtedly need to approach the Court before numerous depositions, hearings, or other proceedings for guidance or orders on confidentiality.

---

[2] *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1081–82 (Fed. Cir. 2012) (third-party's failure supported a finding of non-obviousness); *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120, 1130 (Fed. Cir. 2000) (commercial success of accused product relevant); *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1053–54, 1056–57 (Fed. Cir. 2016) (en banc) (accused infringer's internal documents probative of industry praise, copying, and long-felt need).

[3] At least several Defendants have previously agreed, in other cases, to this type of limited cross-disclosure. *See, e.g., Amgen Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 16-853-GMS, D.I. 108 at 1, ¶ 13 (D. Del. May 4, 2017) (Cipla, Sun, Zydus/Cadila permitted access f outside counsel).

[4] *H. Lundbeck A/S et al. v. Apotex Inc., et al.*, No. 18-88-LPS, D.I. 106 (D. Del. Sept. 13, 2018) ("Defendants' proposal . . . risks imposing an undue burden on the Court (independent of the burden it imposes on Plaintiffs)."); *see also Shire, LLC v. CorePharma, LLC et al.*, 14-5694-JS, D.I. 62 at 28:21–28 (D.N.J. May 18, 2015) ("If the Court adopts Par's suggestion, the Court believes that it would create intractable management problems dealing with depositions, expert reports, the Markman hearing, et cetera.").

## II. The Court should reject Cipla's request for access for non-attorney IP personnel.

Defendant Cipla has requested that non-attorney IP personnel be permitted access to Plaintiffs' Confidential Information. Because Cipla has indicated it intends to designate at least one qualified U.S. in-house attorney to receive such information, its request should be denied.[5]

The designation of a non-attorney employed by Cipla presents a significant risk to Plaintiffs' Confidential Information. This District has long recognized that limiting access to in-house counsel minimizes risk because, "[l]ike outside counsel, in-house counsel is bound by professional and ethical responsibilities and their conduct is subject to sanctions."[6] Under Defendants' proposal, however, Plaintiffs would be sharing Confidential Information with an employee of a direct competitor, who is not subject to the same obligations. Notwithstanding any agreement to abide by the Protective Order, the "distinction matters" between attorneys and non-attorney personnel.[7] "Non-attorneys are not officers of the court, are not bound by the same Code of Professional Responsibility, . . . are not subject to the same sanctions," and "cannot be disbarred or disciplined in the same way."[8] Moreover, as courts have recognized, the risk of disclosure is heightened where—as here—the proposed designee is located abroad.[9]

The enhanced risk created by non-attorney access is unsurprising. Non-lawyer personnel often work in business or research capacities, making improper use of Confidential Information for non-litigation purposes—however unintentional—more likely. For example, Cipla's proposed representative, Ms. Priyanka Sane, is based in India and appears to be involved in "Patent Portfolio Management."[10]

Finally, Cipla's argument that this individual needs access to Plaintiffs' Confidential Information for effective case management fails to address several key issues.[11] Infringement will focus on Defendants' Confidential Information, not on Plaintiffs', and validity will largely focus on publicly available prior art. To the extent that Plaintiffs' Confidential Information is relevant to validity, Cipla has not explained why access for an in-house attorney—which Cipla concedes it has and will be adding to the Protective Order—would be inadequate.[12]

\* \* \* \* \*

For these reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed Protective Order (Ex. A).

---

[5] *Cf. Cosmo Techs. Ltd. v. Lupin Ltd.*, C.A. No. 15-669-LPS, D.I. 56 (D. Del. July 28, 2016).

[6] *Avery Dennison Corp. v. Minn. Mining & Mfg. Co.*, C.A. 01-125, 2001 WL 1339402, at \*2 (D. Del. Oct. 26, 2001); *see U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

[7] *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-1455-WCB, 2017 WL 772486, \*4 (E.D. Tex. Feb. 28, 2017).

[8] *Id.*; *see also Allergan, Inc. v. Taro Pharm. Indus. Ltd.*, No. 17-663-JFB-SRF, Tr. at 38:5–20 (D. Del. Nov. 6, 2017) (Ex. C).

[9] *Allergan v. Teva*, 2017 WL 772486, at \*4.

[10] Ex. D, P. Sane LinkedIn Biography.

[11] *See, e.g., Lundbeck*, No. 18-88-LPS, D.I. 106 (D. Del. Sept. 13, 2018); *see also Amgen*, C.A. No. 16-853-GMS, D.I. 108 at 7–8 (D. Del. May 4, 2017) (Cipla limits access to in-house counsel).

[12] Cipla's reference to Plaintiffs' agreement to permit non-attorney access for Zydus overlooks that Zydus is unable to designate any in-house attorneys, and is therefore differently situated.

          Respectfully,

          */s/ Jeremy A. Tigan*

          Jeremy A. Tigan (#5239)

JAT/dam  
Enclosures  
cc:    All Counsel of Record (by CM/ECF and email, w/encl.)  
12294247

4